COBREROS ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Purchase and Sale with a Curable Defect.

No. 493.—Decided June 13, 1921.

RECORD OF TITLE—ATTORNEY IN FACT—SUBSTITUTE—CURABLE DEFECT.—If the registrar has not before him the power of attorney of the attorney in fact who delegates his powers or it is not copied in full into the delegating instrument, in recording a sale made by the substitute attorney in fact the registrar is justified in assigning the curable defect that the grantor failed to show his authority as attorney in fact.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellants.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of April 11, 1921, executed before notary Francisco Ramírez de Arellano, Luis Méndez Vaz, as the attorney in fact of the owners, sold house No. 31 Luna Street of this city.   The sale was recorded in the Registry of Property of San Juan, Section 1, subject to the curable defect that "the character and powers of Luis Méndez Vaz as attorney in fact of María, Antonio and María dé la Asunción Cobreros de la Barrera were not shown." ·

The deed of sale presented in the registry was accompanied by a deed of November 25, 1920, executed in Lugo, Spain, according to which José Cobreros de la Barrera, as attorney in fact of his brother Antonio and his sister María and as the substitute of Manuel Varo y Ariza, the attorney in fact of his other sister, María Asunción Cobreros de la Barrera, transferred his powers to Luis Méndez Vaz, authorizing him to sell the properties of his principles and execute the corresponding deeds.   In the said deed of substitution the notary inserted some clauses of the power of attorney executed by Antonio and María wherein they conferred upon their attorney in fact the powers which he delegated, ·

and thereafter the notary added that an examination of the powers of attorney disclosed nothing limiting or contrary to the powers which he had mentioned. As to María Asunción, the notary only transcribed some of the powers which Varo Ariza delegated to José Cobreros.

In view of the foregoing we think that the registrar acted correctly in assigning the said curable defect, for inasmuch as Méndez Vaz sold the property in the name of its owners under the powers delegated to him, and inasmuch as neither the deed of sale nor the deed of delegation of powers contains literal copies of the instrument whereby the owners conferred powers upon their attorneys to do certain acts, the said powers of attorney should have been presented in the registry in order that the registrar might judge for himself, in accordance with article 18 of the Mortgage Law, concerning both the powers conferred upon the agents and the extrinsic form of the said instruments, and he is not required to accept the opinion of the notary who attested the deeds as to whether or not the power to sell is limited by the other clauses which are not inserted in the deed of substitution presented in the registry. This is also the opinion of Galindo and Escosura as stated in their Commentary on the Mortgage Law, fourth edition, volume 2, page 12.

In support of their prayer for an order that the transaction be recorded without any defect the appellants cite the decision of the General Directorate of Registries of Spain of May 13, 1880, and the judgment of this court in the case of *Fano* v. *The Registrar*, 15 P. R. R. 313.

With regard to the first citation, although it is true that in a mortgage created by an attorney in fact the notary only described the power of attorney, notwithstanding which the record was ordered on the ground that the registrars must determine the capacity of the parties from what appears from the deeds, according to article 18 of the Mortgage Law, and because in the power described by the notary there were

sufficient data to show that the agent acted within the powers conferred upon him, yet the Directorate of Registries held the contrary on November 11, 1880, on April 15, 1884, on March 15, 1887, and on October 21, 1899, the last case being similar to the one under consideration, for although the notary inserted in the deed the mandatory clause conferring the power to sell and added, "nothing to the contrary appearing from the language of the power of attorney," it was held that inasmuch as the power of attorney was not copied literally into the deed of sale it was indispensable that the latter be presented in the registry together with the former, for only then could the registrar determine the powers of the agent.   We have been unable to find a direct decision of this question in our opinions, but the cases of *Successors of L. Villamil & Co.* v. *Registrar of Caguas,* 16 P. R. R. 721, and *Colón* v. *Registrar of Arecibo,* 22 P. R. R. 510, bear considerable analogy to the present case.

The *Fano Case, supra,* cited by the appellants, is not applicable to this case because there the question was not whether the opinion of the notary regarding whether the clause inserted was not altered or explained by or connected with some other clause was sufficient for the registrar.

The decision of the registrar is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.